*In re* GERMÁN A. GONZÁLEZ.

*Número:* MC-80-35     *Resuelto:* 31 de marzo de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Lourdes Rodríguez Pérez, Procuradora General Auxiliar,* abogados de El Pueblo; *Germán A. González, pro se.*

## RESOLUCIÓN

El 12 de junio de 1980 el Procurador General presentó un informe contra el abogado de epígrafe, imputándole violación al Preámbulo y a los Cánones 36 (entonces vigente) y 38 del Código de Ética Profesional de 1970, por

haber publicado, el 8 de junio de ese año, un anuncio cuyo formato "viola el respeto a la dignidad de todo ser humano y es altamente ofensivo a la imagen de integridad, responsabilidad y competencia de la profesión legal ante nuestra sociedad".(1) Dicho anuncio contiene una fotografía que muestra a una joven pareja sentada en extremos opuestos de una mesa en aparente actitud de enojo o discusión. En medio de la pareja hay un letrero que lee "¿divorcio?". La interrogante sobre divorcio se repite en letras grandes en el texto del anuncio. Contiene también el nombre, teléfono y dirección del abogado y la siguiente información:

Divorcio (No contencioso) $100

Escritura simple de compraventa*

Casos Criminales (por acuerdo)

Todo Servicio legal al alcance

    de todo bolsillo.

*No incluye sellos

El 16 de septiembre de ese mismo año el Procurador General sometió un informe suplementario en el que hizo referencia a la enmienda del Canon 36 que este Tribunal había aprobado (luego de haber sido sometido el informe aludido precedentemente) mediante resolución de 30 de junio de 1980, efectiva el 1 de agosto de 1980, y señaló que el querellado había publicado anuncios similares al que motivó el informe, en varias fechas entre el 30 de agosto y el 10 de septiembre siguiente en diversos periódicos de circulación general. Estos anuncios contenían, además de las ilustraciones de la joven pareja en variadas poses, un texto en el que se indicaba que se aceptaban determinadas tarjetas de crédito, los precios por determinados servicios y

---

(1) Señaló, además el Procurador que el 6 de julio de 1977 había sometido un informe contra el licenciado González por violación al Canon 36.

la expresión retórica "¿divorcio?" en letras llamativas.[2] El Procurador imputó violación al Canon 36 enmendado, que en su apartado (B)(1) dispone:

... es impropio cualquier tipo de anuncio que incluya:

(1) gráficas, dibujos, retratos o cualquier otro tipo de ilustración gráfica....

Respondiendo a una orden de este Tribunal para que expresara su posición el licenciado González compareció mediante moción acompañada de un memorando de derecho en el que alega 1) que los informes son vagos e imprecisos, carecen de validez y sustancialidad, y no tienen fundamento en legislación, reglamentación o jurisprudencia; 2) que los anuncios publicados no se prestan a mala interpretación sobre la facilidad con la que se obtiene un divorcio como alega el Procurador, y 3) que el Canon 36(B)(1) es inconstitucional en cuanto reprime formas de comunicar ideas en violación de la libertad de expresión.[3]

No habiendo disputa en cuanto a los hechos, el Tribunal está en posición de resolver.

Los anuncios publicados por el licenciado González contienen un alto potencial de inducir a error, a mala interpretación o a confusión, en dos aspectos importantes. En primer lugar, la fotografía utilizada puede inducir a creer que una mera discusión o diferencia entre cónyuges puede dar lugar a un divorcio. El texto que acompaña a la foto tiene el potencial de promover pleitos innecesarios en cuanto plantea el divorcio como una alternativa ante el cuadro representado en la foto.

En segundo lugar, las expresiones "todo asunto legal al alcance de todo bolsillo" y "todo otro tipo de caso" que aparecen en casi todos los anuncios, pueden inducir a creer que el abogado puede llevar cualquier otro proceso o

---

[2] Uno de los anuncios decía, "¿Quiere divorciarse? (Consulte a su Abogado consciente)."

[3] Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 4; Constitución de Estados Unidos, Primera Enmienda.

asunto legal por un precio, conforme a las posibilidades económicas del cliente, independientemente de su complejidad.

Desde que en *Bates* v. *State Bar of Arizona*, 433 U.S. 350 (1977), el Tribunal Supremo resolvió que los anuncios publicitarios de los abogados están cubiertos por la protección constitucional a la libertad de expresión, reconoció que el Estado tiene un interés apremiante en regular dichos anuncios para suprimir aquellos que sean "falsos, engañosos o inducentes a error", pág. 383. ([4])

Concluimos que los anuncios aquí involucrados no se justifican "como medio razonable y profesionalmente aceptable de dar a conocer al público la disponibilidad de servicios legales", por cuya razón concluimos que están proscritos por el Canon 36(B)(1) de los de Ética Profesional. Procede, pues, sancionar al querellado, al que imponemos una multa de trescientos dólares ($300) que deberá consignar en este Tribunal, en cheque certificado o del gerente de un banco, o en giro postal a favor del Secretario de Hacienda de Puerto Rico, dentro de los 30 días después de la notificación de esta resolución. Publíquese.

Lo acordó el Tribunal y certifica la Secretaria General.

(*Fdo.*) Lady Alfonso de Cumpiano

*Secretaria General*

---

([4]) Los términos en inglés utilizados por el Tribunal son *"false, deceptive or misleading"*.